**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHRISTOPHER GILLETTE,

                            Plaintiff,                    9:24-cv-01398 (BKS/ML)

v.

MARSHALL TRABOUT, Cortland County Jail Doctor;
NICK LYNCH, Captain, Cortland County Jail - Jail
Administrator; ROBERT GUYER, Sergeant, Cortland
County Jail; JOHN DOE #1, Correction Officer, Cortland
County Jail; DERRAN SMITH, Correction Officer,
Cortland County Jail; CHRISTOPHER KIEHLE,
Correction Officer, Cortland County Jail; and CORTLAND
COUNTY,

                            Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
Christopher Gillette
Attica Correctional Facility
Attica, New York 14011[1]

*For Defendant Trabout:*
Emily A. Phillips
O'Connor, O'Connor, Bresee & First, P.C.
20 Corporate Woods Boulevard
Albany, New York 12211

*For Defendants Lynch, Guyer, Smith, Kiehle, and Cortland County:*
Daniel K. Cartwright
David H. Walsh
Foti Henry PLLC
The Brisbane Building
403 Main Street, Suite 225
Buffalo, New York 14203

---

[1] Publicly available New York State Department of Corrections and Community Supervision records reflect that Plaintiff was released from Attica and commenced parole supervision on June 2, 2026. As the Court previously explained, (Dkt. No. 4, at 26–27), Plaintiff must promptly notify the Clerk's Office of his new address in writing; failure to do so will risk dismissal of his action.

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.       INTRODUCTION

Plaintiff pro se Christopher Gillette brought this 42 U.S.C. § 1983 action against

Defendants, various Cortland County Jail employees. (Dkt. No. 16). On April 11, 2025, the

Court issued a Memorandum-Decision and Order dismissing certain claims pursuant to 28

U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and each of the named Defendants answered the

complaint, except for Defendant Trabout.[2] (Dkt. No. 13). The Clerk entered default against

Trabout on October 28, 2025. (Dkt. No. 49). Presently before the Court are (1) Plaintiff's motion

for default judgment and to hold Trabout in contempt; (2) Trabout's motion to vacate the entry of

default and dismiss the surviving claim against him; and (3) U.S. Magistrate Judge Miroslav

Lovric's April 15, 2026 Report-Recommendation recommending that the Court deny the

remaining Defendants' motion to dismiss. (*See* Dkt. Nos. 38, 51, 58, 60). For the reasons that

follow, the Court denies Plaintiff's motion, grants Trabout's motion to vacate default but denies

his dismissal request, adopts Magistrate Judge Lovric's Report-Recommendation in its entirety,

and denies the remaining Defendants' motion to dismiss.

## II.      FACTS

The Court assumes familiarity with the facts alleged in the operative amended complaint

as set forth in its April 11, 2025 decision, as well as in Judge Lovric's April 15, 2026 Report-

Recommendation. (*See* Dkt. No. 13, at 2–6, 8; Dkt. No. 60, at 12–13, 14).

---

[2] The Court's April 11 order concerned the original amended complaint. (*See* Dkt. No. 13, at 2 (citing Dkt. No. 11)).
Plaintiff later filed a corrected amended complaint to include his signature and a dated verification page, which is
identical to the original amended complaint and now the operative pleading. (*See* Dkt. No. 16, at 35–36). All references
to the "complaint" therefore refer to that document, and references to "Defendants" do not include John Doe #1.

### III.    DEFAULT

Following entry of default against Trabout, Plaintiff moved for default judgment, or in the alternative, to hold Trabout in contempt. (Dkt. No. 51, at 1–2). Trabout now moves to vacate the entry of default against him.[3] (Dkt. No. 58-4, at 5–8).

The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In assessing good cause, courts consider three factors: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (per curiam) ("*Moulton Masonry*") (quoting *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)). "Willfulness 'is the most significant factor' but is not dispositive." *Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024) (quoting *In re Orion HealthCorp, Inc.*, 95 F.4th 98, 104 n.4 (2d Cir. 2024)). Courts may consider "[o]ther relevant equitable factors" too, including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Keebler v. Rath*, 405 F. App'x 517, 519 (2d Cir. 2010) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "[S]trong public policy favors resolving disputes on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)); *United States v. Starling*, 76 F.4th 92, 100 (2d Cir. 2023); *Henry*, 108 F.4th at 51.

Applying the above factors, vacatur of default is warranted. As to willfulness, Trabout avers that he first learned of this action in November 2025 and took steps to retain counsel and

---

[3] Trabout purports to move "to vacate the default judgment," (Dkt. No. 58-4, at 4), but no default judgment has been entered against Trabout, and he presents arguments concerning the standard to vacate an entry of default, (*see id.* at 5–8). The Court therefore treats the motion as seeking vacatur of the Clerk's entry of default. *See United States v. Veeraswamy*, 765 F. Supp. 3d 168, 187 (E.D.N.Y. 2025).

3

respond shortly thereafter. (*See* Dkt. No. 58-2, ¶¶ 5–11). Because he works at the Cortland County Jail on average once per week, Trabout has no office, desk, mailbox, or telephone there; he only learned of the lawsuit after a county attorney contacted another jail employee, who in turn contacted Trabout. (*Id.* ¶¶ 3–4). Trabout further avers that he never attempted to evade or avoid service. (*Id.* ¶ 13). This conduct is not so "egregious" or "[un]satisfactorily explained" that it rises to the level of willfulness. *Moulton Masonry*, 779 F.3d at 186 (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). Nor does Trabout appear to have sought any tactical advantage from neglecting to respond. *See Starling*, 76 F.4th at 102. The first and most significant factor thus weighs in favor of vacating default.

So does the next factor, the existence of a meritorious defense. *Moulton Masonry*, 779 F.3d at 186. As to Plaintiff's First Amendment retaliation claim, Trabout avers that he engaged in the conduct at issue because of a state corrections policy, not because of any retaliatory purpose. (*See* Dkt. No. 58-2, ¶¶ 14–16). Although the Court will consider neither the policy nor Trabout's affirmation in connection with his dismissal request, *see infra* Section IV.A, he has presented sufficient "evidence beyond conclusory denials to support his defense" for purposes of Rule 55(c). *See Enron*, 10 F.3d at 98; *see also Walker v. Senecal*, 130 F.4th 291, 298 (2d Cir. 2025) (per curiam) (explaining First Amendment retaliation elements).

Finally, the Court discerns no prejudice to Plaintiff from vacating default. "[D]elay standing alone does not establish prejudice." *Enron*, 10 F.3d at 98 (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). And in light of the strong policy in favor of merits adjudications, *see Pecarsky*, 249 F.3d at 172, the Court concludes that Trabout has shown good cause to vacate the Clerk's entry of default. *See* Fed. R. Civ. P. 55(c). It therefore denies Plaintiff's motion for default judgment and to hold Trabout in contempt. *See Priestley v. Headminder, Inc.*, 647 F.3d

497, 504–05 (2d Cir. 2011) (per curiam) (describing default judgment requirements); *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021) (describing contempt elements).

## IV.    MOTIONS TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.    Trabout

Trabout seeks dismissal of Plaintiff First Amendment retaliation claim against him. (Dkt. No. 58-4, at 8–10). Incorporating arguments from the other Defendants' motion to dismiss, he asserts that "[P]laintiff cannot establish any causal relationship between his filing of grievances and any alleged retaliation by" Trabout. (*Id.* at 9–10). The Court disagrees.

As an initial matter, Trabout urges the Court to consider materials outside the complaint. (*See id.* at 9). "Generally, in determining whether a complaint states a claim, the court is required to make the assessment based solely on the allegations in the complaint, without considering extraneous facts and materials." *Pearson v. Gesner*, 125 F.4th 400, 406 (2d Cir. 2025).

Exceptions to this general rule exist, but none apply here.[4] *See id.*; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). So under Rule 12(d), the Court "may exclude the additional material and decide the motion on the complaint alone," or "convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 810–11 (2d Cir. 2019) (quoting *Kopec v. Coughlin*, 922 F.2d 152, 154 (2d Cir. 1991)). The Court declines to convert Trabout's motion to one for summary judgment and will decide it on the complaint alone.

Liberally construing the complaint's allegations, *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), it states a plausible First Amendment retaliation claim against Trabout. To prevail on such claims, plaintiffs must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *See Walker*, 130 F.4th at 298 (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)). Trabout contests only the causation element. (*See* Dkt. No. 58-4, at 8–10). As to causation, the Second Circuit has "held that the temporal proximity of an allegedly retaliatory [action] to [protected activity] may serve as circumstantial evidence of retaliation." *Hayes v. Dahlke*, 976 F.3d 259, 273 (2d Cir. 2020) (quoting *Gayle v. Gonyea*, 313 F.3d 677, 683 (2d Cir. 2002)).

Here, the complaint sufficiently alleges such temporal proximity. Plaintiff explains that Trabout's allegedly retaliatory conduct occurred while Plaintiff's state lawsuit against him was pending—and within six months of a grievance Plaintiff filed against Trabout that resulted in "the Citizen Policy and Complaint Review Council" finding that Plaintiff "had not received

---

[4] The complaint mentions one document Trabout asks the Court to consider, a state corrections policy concerning COVID-19 intake procedures. (Dkt. No. 16, at 9; Dkt. No. 58-4, at 9 (citing Dkt. No. 38-3, at 2)). But Plaintiff does not appear to have "relie[d] heavily upon [the policy's] terms and effect," so the Court cannot deem it integral to the complaint. *Pearson*, 125 F.4th at 406 (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)).

adequate medical treatment." (*See* Dkt. No. 16, at 6–9; *see also id.* at 44–46 (state court lawsuit documents); *id.* at 39, 41 (copies of review council decision)). No "bright line" defines "exactly when a temporal relationship supports a finding of a causal relationship." *Hayes*, 976 F.3d at 273 (quoting *Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001)). But at this stage, the Court concludes that Plaintiff's allegations are sufficient and denies Trabout's dismissal motion.

### B.    Remaining Defendants

Judge Lovric's April 15, 2026 Report-Recommendation recommended that the Court deny the remaining Defendants' Rule 12(b)(6) motion. (Dkt. No. 60, at 15). Judge Lovric expressly warned that failure to file objections within fourteen days would preclude appellate review. (*Id.* at 16 (citing 28 U.S.C. § 636(b)(1))). On these Defendants' request, the Court extended that deadline to May 6, 2026. (Dkt. No. 62). But to date, they have failed to file objections. Accordingly, the Court has reviewed the Report-Recommendation for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). Having found none, the Court adopts the Report-Recommendation in its entirety and denies the remaining Defendants' motion to dismiss.

### V.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment and contempt (Dkt. No. 51) is **DENIED**, Trabout's motion to vacate entry of default (Dkt. No. 58) is **GRANTED**, and the Clerk's entry of default against Trabout (Dkt. No. 49) is **VACATED**; and it is further

**ORDERED** that Trabout's motion to dismiss (Dkt. No. 58) is **DENIED**; and it is further

7

**ORDERED** that Judge Lovric's April 15, 2026 Report-Recommendation (Dkt. No. 60) is **ADOPTED** in its entirety, and the remaining Defendants' motion to dismiss (Dkt. No. 38) is **DENIED**; and it is further

**ORDERED** that Plaintiff is directed to promptly notify the Clerk's Office of his new address in writing; and it is further

**ORDERED** that the Clerk is respectfully directed to serve a copy of this decision on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 23, 2026
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

8